**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES RIVERS,**

**Plaintiff,**

**vs.**                                    **Case No. 4:24CV137-MAF**

**LELAND DUDEK,[1]
Acting Commissioner of
Social Security,**

**Defendant.**
_____/

**MEMORANDUM OPINION AND ORDER**

This Social Security case was referred to the undersigned upon

consent of the parties, ECF No. 15, by Senior United States District Judge

William Stafford. ECF No. 16. This cause is before the Court pursuant to 42

U.S.C. § 405(g) for review of the final determination of the Acting

Commissioner of the Social Security Administration (Commissioner) denying

Plaintiff's application for Period of Disability and Disability Insurance Benefits

---

[1] Notably, Martin O'Malley, the Commissioner of Social Security, was the named Defendant in this case. On November 29, 2024, O'Malley left the agency and President Biden appointed Carolyn Colvin as the Acting Commissioner. Michelle King became the Acting Commissioner of Social Security on January 20, 2025. King was replaced by Leland Dudek on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dudek is automatically substituted as Acting Commissioner.

(DIB). After consideration of the record, for the reasons stated below, the decision of the Commissioner is AFFIRMED.

## I.    Procedural History

Plaintiff filed an application for Period of Disability and DIB on November 15, 2021, alleging a date of disability of September 30, 2021. Tr. 235-236.[2]   That application was denied initially on November 23, 2022 (Tr. 90-98), and on reconsideration on February 10, 2023. Tr. 100-110. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on April 14, 2023. Tr. 131-32. A telephonic hearing was held on August 24, 2023, before ALJ Joshua Heller. Tr. 31-65. Plaintiff waived his right to an in person hearing. Tr. 33; 127-29. Plaintiff; his attorney, Diane Cassaro, Esq.; and a Vocational Expert (VE), Ileana Chapman, appeared and participated. Plaintiff (Tr. 38-57) and VE Chapman (Tr. 57-64) testified during that hearing. See also Tr. 387-88 (VE Curriculum Vitae). ALJ Heller entered his decision on January 5, 2024, concluding that Plaintiff was not disabled as defined by the Social Security Act from September 30, 2021, through the date of the decision. Tr. 10-25. The Appeals Council denied review on January 26, 2024,

---

[2] References to the record in this case will be to "Tr." followed by the relevant page number.

Case No. 4:24CV137-MAF

rendering ALJ Heller's decision the final decision of the Commissioner. Tr. 1-3.

Through counsel, Plaintiff filed his complaint with this Court on March 21, 2024. ECF No. 1. The Commissioner filed the administrative record on May 20, 2024. ECF No. 7. Plaintiff filed a Memorandum in Support of his Complaint on June 20, 2024. ECF No. 9. The Commissioner filed a responsive memorandum in support of the Commissioner's position on July 26, 2024. ECF No. 12. Plaintiff filed a Reply on August 8, 2024. ECF No. 13. This matter is ripe for review.

## II.    Issue Presented

In his Complaint, Memorandum in Support, and Reply, Plaintiff contends that ALJ Heller's decision is not supported by substantial evidence because the VE failed to properly consider that Plaintiff Rivers experienced pain, limited range of motion, and hypertonicity in his neck and surrounding areas which limited his ability to look down, and it is unknown whether the occupations identified by the VE would require Plaintiff to look down in order to perform the requirements of the proposed positions. ECF No. 9, pp. 6-7. As this is the only issue presented by Plaintiff in his Memorandum, the Court will limit its review of ALJ Heller's decision and record to these matters.

Case No. 4:24CV137-MAF

## III.    Legal Standards Guiding Judicial Review

Review of the Commissioner's decision is limited. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1986). This Court must affirm the decision if it is supported by substantial evidence in the record and premised upon correct legal principles. 42 U.S.C. § 405(g); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, 703 F.2d at 1239 (citations omitted); accord Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).[3]

---

[3] "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n.8 (11th Cir. 2004) (citations omitted). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

The Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner, Bloodsworth, 703 F.2d at 1239, although the Court must scrutinize the entire record, consider evidence detracting from the evidence on which the Commissioner relied, and determine the reasonableness of the factual findings. Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992). Review is deferential, but the reviewing court conducts "an independent review of the record." Flynn v. Heckler, 768 F.2d 1273, 1273 (11th Cir. 1985).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). It is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. § 404.1509 (duration requirement); Barnhart v. Walton, 535 U.S. 212, 223-24 (2002).

The Commissioner analyzes a claim in five steps, pursuant to 20 C.F.R. § 404.1520(a)(4)(i)-(v):

1.    Is the individual currently engaged in substantial gainful activity?

2.    Does the individual have any severe impairments?

3.    Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P?

4.    Does the individual have the residual functional capacity (RFC) to perform work despite limitations and are there any impairments which prevent past relevant work?[4]

5.    Do the individual's impairments prevent other work?

---

[4] An RFC is the most a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). It is an assessment based upon all of the relevant evidence including the claimant's description of his limitations, observations by treating and examining physicians or other persons, and medical records. Id. The responsibility for determining claimant's RFC lies with the ALJ. 20 C.F.R. § 404.1546(c); see Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2, at *12 (July 2, 1996) ("The term '*residual functional capacity assessment*' describes an adjudicator's finding about the ability of an individual to perform work-related activities. The assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence."). The Court will apply the SSR in effect when the ALJ rendered his decision. See generally, Bagliere v. Colvin, No. 1:16-CV-109, 2017 U.S. Dist. LEXIS 8779, at *10-18, (M.D. N.C. Jan. 23, 2017), *adopted*, 2017 U.S. Dist. LEXIS 51917 (M.D. N.C. Feb. 23, 2017).

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. Consideration is given to the assessment of the claimant's RFC and the claimant's past relevant work. If the claimant can still do past relevant work, there will be a finding that the claimant is not disabled. If the claimant satisfies this burden of demonstrating he cannot do prior work, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy in light of the claimant's RFC, age, education, and work experience. Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)(v), (e) & (g)). If the Commissioner carries this burden, the claimant must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

Plaintiff, as the claimant, bears the burden of proving that he is disabled, and consequently, is responsible for producing evidence in support of his claim. See 20 C.F.R. § 404.1512(a); Moore, 405 F.3d at 1211. As the

finder of fact, pursuant to 20 C.F.R. §§ 404.1502(a) and 404.1513(a)(2), the ALJ considers medical opinions from licensed physicians and psychologists and acceptable medical sources. The ALJ is charged with the duty to evaluate all the medical opinions of record and resolve conflicts that might appear. 20 C.F.R. § 404.1527.

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.3d 1221, 1223 (11th Cir.1991)).

After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible; and that determination will be reviewed to determine if it is based on substantial evidence. Moreno v. Astrue, 366 F. App'x 23, 28 (11th Cir. 2010) (citing Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a

matter of law, that the testimony be accepted as true." <u>Wilson</u>, 284 F.3d at 1225 [internal citations omitted] . "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." <u>Foote v. Chater</u>, 67 F.3d 1553, 1562 (11th Cir.1995)). The court can rely on discrepancies in claimant's descriptions of daily life and claims of infirmity to evaluate the claimant's credibility. <u>Moore v. Barnhart</u>, 405 F.3d 1208, 1212 (11th Cir. 2005) (the ALJ's negative credibility determination was based on the fact that the plaintiff could drive, provide childcare, bathe, take care of herself, and do housework).

## IV.    ALJ Heller's Findings

In his order, ALJ Heller properly articulates and follows the five-step sequential evaluation process for determining disability. <u>See</u> 20 CFR § 416.1520(a). In doing so, ALJ Heller made the following findings (finding in bold):

**1.    The claimant meets the insured status requirements of the Social Security Act through September 30, 2024.**

This finding is undisputed.

**2.    The claimant has not engaged in substantial gainful activity since September 30, 2021, the alleged onset date (20 CFR 404.1571 *et . seq.*).**

Plaintiff reported Social Security earnings after the alleged onset date, but those were the result of a VA pension and disability benefits, not substantial gainful employment (SGA). ALJ Heller concluded that Plaintiff had not engaged in SGA since the alleged onset date. Tr. 12.

This issue is not in dispute.

**3.    The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; degenerative joint disease of the bilateral knees, status-post bilateral arthroscopy; obstructive sleep apnea; and generalized anxiety disorder (20 CFR 404.1520(c)).**

This issue is not in dispute. There is no question that the above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28. Tr. 13.

With respect to Plaintiff's other impairments, ALJ Heller concluded that the following were non-severe:  vitamin D deficiency, small hiatal hernia, gastroesophageal reflux disease, hyperlipidemia, dysphagia, benign prostatic hypertrophy, esophagitis, hypertension, depression/adjustment disorder (regularly declined VA treatment for depression/mood concerns with largely normal depression/mood related mental-status findings at numerous

physical appointments), folliculitis, tinnitus (no significant hearing deficits per VA records) and left shoulder sprain impingement (no gold standard imaging documenting any significant shoulder abnormality with demonstrated 5/5 shoulder strength upon examination despite slightly reduced flexion – regardless, condition generously accommodated in RFC with occasional left overhead reaching limitations, out of an abundance of caution). According to ALJ Heller, these are slight abnormalities that improved with medication and conservative treatment and had a minimal effect on Plaintiff's ability to work.

**4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).**

This issue is not in dispute.

ALJ Heller concluded that although Plaintiff has "severe" impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment in the Listing of Impairments. Tr. 13. Plaintiff's counsel conceded this point at hearing:

ALJ: Do you contend any severe impairments meet or equal a listing?
ATTY: No. Not at this time.

Tr. 37.

ALJ Heller also addressed Plaintiff's alleged mental health impairments, ultimately concluding that those conditions resulted in no more than a moderate limitation on his ability to function. Tr. 13-15. Plaintiff does not challenge this finding in his memorandum in Support of His Social Security Appeal (ECF No. 9) or in his Brief in Reply (ECF No. 13). Thus, this Court will not address these issues further.

**5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.1567(b), except he can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours in an 8-hour workday. He can stand for 4 hours in an 8-hour workday. He can walk for 4 hours in an 8-hour workday. He can occasionally operate foot controls with his left and right foot. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl. He can occasionally reach overhead with the left upper extremity. He can frequently reach in all directions with the left upper extremity. He can occasionally work around unprotected heights, moving mechanical parts and vibrations. He can occasionally interact with coworkers and the public. He was able to perform simple, routine tasks, and simple work-related decisions as reasoning level 3 in the Dictionary of Occupational Titles (DOT). He can adapt to occasional and gradual changes in the work setting.**

This issue is disputed.

Case No. 4:24CV137-MAF

ALJ Heller confirms that he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.1529 and SSR 16-3p. Tr. 16. ALJ Heller considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 416.1520c.

In considering Plaintiff's symptoms, ALJ Heller was required to follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques--that could reasonably be expected to produce Plaintiff's pain or other symptoms. Tr. 16.

Second, once ALJ Heller identified an underlying physical or mental impairment(s) that could reasonably be expected to produce Plaintiff's pain or other symptoms, he was required to evaluate the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent to which they limit Plaintiff's work-related activities. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence,

ALJ Heller was required to consider other evidence in the record to determine if Plaintiff's symptoms limit the ability to do work-related activities. Tr. 16-17.

ALJ Heller found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. ALJ Heller summarized Plaintiff's testimony at hearing:

> The claimant is a 52-year-old male with a college education who is asserting disability to a combination of medically determinable impairments and associated symptomatology (Tr. 38-57; 258-65; 290-93; 294-300; 301-304; 305-309; 329-36). The claimant alleges that as a result of limitations in his mobility, exertional, and non-exertional abilities caused by his medically determinable impairments, he is unable to return to any of his past work, and/or any other job in the national economy.
>
> . . .
>
> The claimant reported that arthritis in every joint, herniated disc in neck and back, nerve condition, insomnia, depression, and anxiety limit his ability to work (Tr. 259). Specifically, the claimant reported experiencing neck, back, shoulder, arm, hand, abdominal, leg, knee, foot, muscle, nerve, and joint pain, characterized such pain as sharp and indicated it occurs daily (Tr. 38-57; 258-65; 290-93; 294-300; 301-304; 305-309; 329-36). The claimant also reported that he experiences pain when physically exerting himself and completing daily activities and indicated he has trouble standing and walking for extended periods of time due to pain and fatigue. Id. The claimant further reported that he routinely needs to change positions from sitting, standing and walking due to his orthopedic conditions   . . .

Tr. 17.

However, ALJ Heller found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons he explained in his decision. Tr. 17-18. Upon review of the relevant medical evidence of record addressing Plaintiff's severe impairments, ALJ Heller noted that gold standard imaging of the cervical and lumbar spine document only mild degenerative pathology. Further, the record contains no gold standard imaging supporting his reports of herniated discs in the neck or back, or gold standard imaging or other similar objective evidence supporting his report of arthritis in every joint – other than the mild degenerative findings of the cervical spine and bilateral knees. Tr. 96; 107; 394-1421. ALJ Heller also notes that while Plaintiff claimed ongoing limitations due to an unspecified nerve condition, the record contains no gold standard EMG/NCV nerve studies documenting any objective nerve abnormalities, and objective physical examination findings at several appointments, including those at the VA and Agency physical consultative assessment, document largely normal musculoskeletal and neurological

findings with normal motor strength of the bilateral upper and lower extremities, normal unassisted gait, intact sensation, mostly normal range of motion of all muscle groups tested, normal coordination, normal reflexes, no medical necessity for assistive device, and no neurological deficits. Id.

ALJ Heller also details that Plaintiff engages in numerous activities of daily living which demonstrate his ability to engage in activities relevant to the physical and mental demands of daily work: he performs his own hygiene and grooming; prepares his own meals; shops for household and personal items both online and in the store; does household chores; drives and rides in cars; attends appointments; picks up his medications; handles his own finances; helps care for his 10-year old daughter (feeding her, supervising her, picking her up and dropping her off at school); watches television; reads books and periodicals; goes outside weekly; and attends and interacts with family and members of the community. Tr. 93; 102; 104; 107; 1099; 1103. He also emphasizes that Plaintiff's providers regularly noted that Plaintiff's condition improved with treatment. Tr. 20; 1104-1237; 1284-1308.

Ultimately, ALJ Heller concluded, based on his review of the objective medical evidence of record, the Plaintiff's subjective complaints, and the treatment required for Plaintiff's conditions, that the preponderance of the

evidence supports the conclusion that Plaintiff could perform a full range of light work. Tr. 23.

**6.    The claimant is unable to perform any past relevant work (20 CFR 416.1565).**

This issue is not in dispute.

Plaintiff was previously employed as an aviation fueling specialist and an industrial maintenance repairer. That work was substantial gainful activity, was performed long enough for Plaintiff to achieve average performance, and was performed within the relevant period. Plaintiff is no longer able to perform this work, as the exertional requirements exceed those set forth in the residual functional capacity assessment above. Accordingly, ALJ Heller concluded Plaintiff was unable to perform past relevant work as actually or generally performed. Tr. 23.

**7.    The claimant was born on July 26, 1971, and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 416.1563).**

This issue is not in dispute. Tr. 23.

**8.    The claimant has at least a high school education (20 CFR 416.1564).**

This issue is not in dispute. Tr. 23-24.

**9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

This issue is not in dispute. Tr. 24.

**10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.1569 and 416.1569a).**

This issue is disputed.

In determining whether a successful adjustment to other work can be made, ALJ Heller was required to consider Plaintiff's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If Plaintiff can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon Plaintiff's specific vocational profile (SSR 83-11). When Plaintiff cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decision making unless there is a rule that directs a conclusion

of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If Plaintiff has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision making (SSR 85-15).

If Plaintiff had the RFC to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.14. However, Plaintiff's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, ALJ Heller asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and residual functional capacity. The VE testified that given all of these factors the individual would be able to perform the requirements of the following representative occupations:

| Representative Occupations | Dictionary of Occupational Titles (DOT) | Strength/Skills/ SVP | Jobs in National Economy |
|---|---|---|---|
| Label Coder[5] | 920.587-014 | Light/Unskilled/2 | 10,000 |
| Merchandise Marker | 209.587-034 | Light/Unskilled/2 | 30,000 |
| Silver Wrapper | 318.687-018 | Light/Unskilled/1 | 10,000 |

Pursuant to SSR 00-4p, ALJ Heller determined that the VE's testimony is consistent with the information contained in the DOT. Tr. 24.

ALJ Heller concluded, based on the testimony of the VE, and considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 62-63. He, therefore, found that a finding of "not disabled" is appropriate under the framework of the above-cited rule. Tr. 25.

---

[5] The VE testified that a "label coder" is another available position within the community. Tr. 63. ALJ Heller erroneously referred to that position as a "labor coder." Tr. 24. Additionally, the DOT position number for that position is "920.587-014", not "-018". Those clerical errors are corrected here.

Case No. 4:24CV137-MAF

**11.    The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2021, through the date of the decision (20 CFR 416.1520(g)).**

This issue is disputed.

ALJ Heller concluded that, based on the application for a period of disability insurance benefits protectively filed on November 15, 2021, Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 25.

## V.    Plaintiff's Claims

### ALJ Heller Failed to Properly Evaluate Plaintiff's Subjective Complaints of Pain, Limited Range of Motion, and Hypertonicity in his Neck and Surrounding Areas

Plaintiff argues that ALJ Heller erred by failing to consider the pain and other limitations he has relating to his neck and surrounding areas in developing his proposed RFC. According to Plaintiff, he served in the United States Navy from July 1989 to July 2015. Tr. 204. Due to his service, he sustained various impairments such as a left shoulder impingement syndrome, right carpal tunnel syndrome, thoracolumbar spine strain, cervical spine spondylosis, dysphagia, right knee patellofemoral pain syndrome, left ankle tendonitis, and gastroesophageal reflux disease. Tr. 207-13. Plaintiff

contends he stopped working because he was unable to work through his pain. Tr. 41.

Five months before he was terminated, Plaintiff tried to obtain relief from his pain through a chiropractor. Tr. 1106-09. He reported that his cervical spine pain ranged from a seven to greater than eight. Tr. 1106. He continued to seek chiropractic care afterward (Tr. 573-80; 1109-47; 1154-89; 1196-1231; 1283-1306; 1395-97), with his last documented treatment taking place after the hearing. Tr. 31; 1395-97. That visit's exam showed hypertonicity in multiple areas, including his upper extremity cervical paraspinal, trapezius muscles, levator muscles, rhomboids, and upper T/S erectors. Tr.1396. He showed moderately decreased range of motion testing and stiffness to his thoracic spine in all planes and mildly to severely reduced range of motion to his cervical spine with stiffness. Id.

Despite this evidence, ALJ Heller did not ask the VE whether an individual's ability to work would be affected if he had a limited ability to look down. Tr. 61-65. Plaintiff contends that ALJ Heller's failure to do so means that substantial evidence does not support his decision.

Plaintiff suggests that this failure to ask the VE these questions was a harmful error, because the DOT's descriptions of the occupations identified

by the VE show that each occupation may require an individual to look down for a significant portion of the workday. ECF No. 9, p. 8. A label coder cuts notches in labels by turning setscrews in notching devices using a ruler, clamping a stack of labels onto the bed of the notching device, and pushing the bed forward to force the label against the blades. A merchandise marker marks and attaches price tickets to merchandise, marks selling prices onto boxes or price tickets, and ties, glues, sews, or staples price tickets to each article. Finally, a silver wrapper spreads silverware onto an absorbent cloth and wraps individual place settings in napkins or inserts them and condiments into a bag.

According to Plaintiff, ALJ Heller's failure to ask the VE these questions means it is unknown how frequently an employee in these occupations needs to look down. Because of this, Plaintiff requests that this court remand his case so that answers to these questions can be obtained and it can be determined whether Plaintiff can perform the requirements of the proposed occupations.

## VI.    Commissioner's Response

### The VE's testimony provides substantial evidence supporting the ALJ's finding that Plaintiff could perform other work.

The Commissioner contends that Plaintiff's sole contention is that the hypothetical question posed to the VE by ALJ Heller failed to include a limitation related to Plaintiff's inability to look down while performing the jobs the VE identified. According to Plaintiff, without an answer to this hypothetical question by the VE, there is a deficiency in the substantial evidence to support ALJ Heller's conclusion that Plaintiff could perform any of the identified positions. ECF No. 9, pp. 4-7.

However, according to the Commissioner, a hypothetical question only needs to include a purported functional limitation if it is supported by the record. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987). ALJ Heller did not need to rely on more restrictive hypothetical questions than he found credible. Borges v. Comm'r of Soc. Sec., 771 F. App'x. 878, 883 (11th Cir. 2019) ("because Borges's RFC, which is supported by substantial evidence … matched the ALJ's first hypothetical question at the hearing he did not need to rely on these more restrictive hypotheticals").

The Commissioner contends that while Plaintiff argues the VE hypothetical question should have included a limitation related to looking down, Plaintiff failed to identify substantial evidence that would support such a limitation. ECF No. 9, pp. 4-7. Plaintiff highlights medical evidence related to his neck pain, chiropractic care, decreased range of motion of his thoracic spine, stiffness of his thoracic spine, and reduced range of motion in his cervical spine (ECF No. 9 at 6), but a review of all of the medical evidence in the record (not only the objective medical evidence, but also Plaintiff's daily activities, the prior administrative medical findings, and the consultative examination and opinion) supported the RFC finding and the hypothetical question posed to the VE. Tr. 15-23.

According to the Commissioner, substantial evidence supports ALJ Heller's RFC finding. Tr. 15-23. A claimant's RFC reflects the most that he can still do, despite his limitations, within a typical work schedule. See 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1); Social Security Ruling (SSR) 96-8p, 61 Fed. Reg. 34,474-01, at 34,476-77 (July 2, 1996). At the hearing level, the ALJ has the responsibility of assessing the claimant's RFC based on all the relevant evidence. See 20 C.F.R. §§ 404.1520(e), 404.1545(a), 404.1546(c); SSR 96-8p, 61 Fed. Reg. at 34,477; Robinson v. Astrue, 365

F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."). Here, the objective medical evidence, Plaintiff's daily activities, the prior administrative medical findings, and the consultative examination and opinion are the substantial evidence supporting the RFC finding.

The Commissioner argues that the objective medical evidence constitutes substantial evidence in support of the ALJ's RFC finding. Tr. 19-20; see 20 C.F.R. § 404.1545(a)(3); SSR 96-8p; Mijenes v. Comm'r of Soc. Sec., 687 F. App'x 842, 845-46 (11th Cir. 2017) (holding plaintiff's mild treatment history provided substantial evidence for ALJ's RFC assessment). For example, providers diagnosed various issues including but not limited to low back pain, degenerative disc disease, osteoarthritis of the knees, status-post arthroscopy, and left shoulder sprain/impingement. Tr. 574; 893; 1040; 1079. Imaging of the lumbar spine, cervical spine, and bilateral knees revealed mostly mild arthritic changes. Tr. 415; 449-50; 516; 631; 839. Objective physical examination findings at several appointments document largely normal musculoskeletal and neurological findings with normal motor strength of the bilateral upper and lower extremities, normal unassisted gait, intact sensation, mostly normal range of motion of all muscle groups tested,

normal coordination, normal reflexes, no medical necessity for an assistive device, and no neurological deficits. Tr. 838; 984; 1007; 1044-46; 1066; 1068-69; 1083-84; 1388.

During appointments at Hampton Roads Ortho and Sports Medicine between October 2020 and August 2022, Plaintiff reported left knee pain. Tr. 537; 546. Imaging of the left knee revealed mild degenerative findings. Tr. 541; 544. Providers noted Plaintiff was doing well with no complications following left knee arthroscopy. Tr. 537. Likewise, records document that the Plaintiff never returned to Hampton Roads Ortho and Sports Medicine for follow-up care for his left knee or any other orthopedic condition after August 2022. Tr. 537-52.

Plaintiff's Medical records also include appointments at Gent Chiropractic between April 2021 and May 2023 where Plaintiff reported neck, back, and multiple joint pain. Tr. 1106-1231; 1283-1306. Providers diagnosed segmental and somatic dysfunction of the lumbar spine, cervical spine and pelvic region. Tr. 1109; 1284. He received regular adjustment and other therapeutic treatments. Tr. 1106-1231; 1283-1306. Providers regularly noted that Plaintiff reported improved symptomatology and mobility with treatment. Tr. 1110; 1112; 1114; 1117-19; 1121; 1123; 1162; 1172-73; 1176;

1185; 1199; 1213; 1284; 1286; 1289; 1291; 1298; 1302. The objective medical evidence discussed herein constitutes substantial evidence demonstrating Plaintiff does not require any limitations greater than those included in the RFC.

The Commissioner also contends that the RFC assessment is supported by Plaintiff's daily activities. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 61 Fed. Reg. at 34,477 (listing daily activities as relevant evidence to be evaluated in the RFC assessment); see also Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987) (stating ALJ may consider claimant's daily activities when evaluating subjective complaints and determining the RFC); see also Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997) (finding the ALJ properly found the ability to perform light work based on the plaintiff's medical history, childcare activities, and testimony); Chatham v. Comm'r of Soc. Sec., 764 F. App'x 864, 868- 69 (11th Cir. 2019) (finding the ALJ properly considered plaintiff's medical records, daily activities, and conservative treatment in the RFC and subjective symptom analysis). For example, Plaintiff indicated during the consultative examination that he was independent with bathing/showering, dressing, eating, grooming, housekeeping, laundering, meal preparation, money management,

shopping, telephoning, toileting, transferring, and driving a vehicle. Tr. 1099. He was also able to sit and arise from a chair and transfer to/from an exam table without assistance or difficulty. Tr. 1103. Again, these daily activities do not support any greater limitations than those included in the RFC.

Additionally, the prior administrative medical findings also constitute substantial evidence in support of the RFC. Tr. 20. See 20 C.F.R. §§ 404.1513(a)(5), 404.1520c, 404.1545(a)(3). Stephan Bradley, M.D., and Sunita Patel, M.D., set forth in the prior administrative medical findings that Plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently, could sit for six hours per day, and should avoid concentrated exposure to hazards. Tr. 95; 105-06. Dr. Patel also set forth that Plaintiff should avoid concentrated exposure to vibration. Tr. 106. ALJ Heller found the prior administrative medical findings to be largely persuasive because they were supported by clinical examinations and testing and consistent with the record as a whole. Tr. 20. However, ALJ Heller included additional limitations in the RFC based on the updated evidence. Tr. 20.

Finally, the consultative examination and opinion from Samer Choksi, M.D., constitutes additional substantial evidence in support of the RFC. Tr. 21. See 20 C.F.R. §§ 404.1513(a)(2), 404.1520c, 404.1545(a)(3). Dr. Choksi

opined Plaintiff is capable of driving a vehicle, able to change clothes and perform self-hygiene and cook/clean for self as activities of daily living and is able to interact in public and maintain a sufficient level of functional ability by completing basic housework, grocery shopping and able to manage his own personal finances. Tr. 1103. ALJ Heller found the opinion to be largely persuasive because it was supported by the clinical examination and testing and was consistent with the record as a whole. Tr. 21.

In addition to relying on the substantial evidence discussed above when formulating the RFC, ALJ Heller explicitly accounted in the RFC (and, thus, in the hypothetical posed to the VE) for the same impairments Plaintiff believes demonstrate the ALJ should have asked the VE about a limitation related to looking down (i.e., neck, back, and other orthopedic impairments, ECF No. 9 at 6):

> In sum, the extent of limitations the claimant asserts during the relevant period are not supported by the record, and those limitations that are supported by the record have been generously accommodated in the residual functional capacity as described: Limitation to light occupational base due various orthopedic impairments. Four hours stand/walk and foot controls due to knee impairments. Reaching limitations due to spinal and shoulder impairments. Postural and hazard limitations due to spinal and various orthopedic impairments. […]

Tr. 18.

Case No. 4:24CV137-MAF

The Commissioner also argues that plaintiff waived any claim relating to ALJ Heller's failure to identify and resolve an apparent conflict between the DOT data and VE's testimony (ECF No. 9 at 5), because Plaintiff failed to identify any conflict between the VE's testimony and the DOT, and further did not elaborate on this point. United States v. Campbell, 26 F.4th 860, 871-75 (11th Cir. 2022) (*en banc*) (explaining forfeiture is the failure to make the timely assertion of a right); see also N.L.R.B. v. McClain of Georgia, Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); Outlaw v. Barnhart, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding that a claimant in a Social Security appeal waived an issue because he did not elaborate on his assertion of error). In any event, none of the DOT job descriptions indicate the amount someone looks down while performing those jobs. DOT § 920.587-014, 1991 WL 687915 (label coder); § 209.587-034, 1991 WL 671802 (marker); § 318.687-018, 1991 WL 672757 (silver wrapper).   Thus, there is no apparent conflict.

The Commissioner believes that Plaintiff is asking this Court to take on the role of ALJ by reweighing the evidence. ECF No. 9, pp. 4-7. That would be improper. See Mitchell, 771 F.3d at 782 ("We may not decide the facts

anew, reweigh the evidence, or substitute our judgment for that of the Commissioner") (internal citation omitted). Notably, the relevant inquiry is not whether some evidence might support greater limitations, but whether substantial evidence supports the ALJ's decision. Here, according to the Commissioner, the substantial evidence discussed in detail above supports ALJ Heller's findings, and the Commissioner urges the Court to affirm the ALJ's decision.

## VII. Legal Analysis

### Substantial Evidence Supports ALJ Heller's Decision Regarding Plaintiff's RFC.

In this case, substantial evidence and proper legal analysis supports ALJ Heller's decision that Plaintiff was not disabled. The question is not whether this Court would reach a different decision on the same evidence, or whether the evidence here actually preponderates a different result, but, rather, whether there is sufficient evidence here to confirm that substantial evidence supports ALJ Heller's decision. Phillips, 357 F.3d at 1240 n.8 ("[i]f the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it"); see also Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1314 (11th Cir. 2021). There is no doubt

Case No. 4:24CV137-MAF

that ALJ Heller's decision is so supported. Even if this Court disagrees with ALJ Heller's resolution of the factual issues, and would resolve those disputed factual issues differently, ALJ Heller's decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. <u>See</u> <u>Baker o/b/o Baker v. Sullivan</u>, 880 F.2d 319, 321 (11th Cir. 1989).

Plaintiff's main contention is that ALJ Heller erred in his RFC determination because he did not consider the impact of Plaintiff's alleged inability to look down without severe pain. According to Plaintiff, because of this error, it is unknown whether the positions proposed by the VE would require an employee in such a position to look down in performing necessary services.

Simply put, the medical records, including the conservative treatment associated with Plaintiff's medical impairments, do not support the limitations proposed by Plaintiff. <u>See</u> <u>Pennington v. Comm'r of Soc. Sec.</u>, 652 F. App'x 862, 873 (11th Cir. 2016) (concluding the ALJ properly considered the claimant's conservative treatment as evidence undermining his testimony); <u>Belle v. Barnhart</u>, 196 F. App'x 558, 560 (11th Cir. 2005) (noting that normal findings on examination support an ALJ's decision to discount subjective complaints); <u>Dawkins v. Bowen</u>, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A

medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."). There is no objective medical evidence which mentions or confirms that Plaintiff did not have the ability to look down without severe pain. Moreover, Plaintiff's testimony at the hearing did not raise such a limitation. Plaintiff did not mention any such restriction on his ability to look down during his testimony when he was asked about pain he suffered during the day when changing positions.   Tr. 44.   In any event, the course of treatment which Plaintiff mentions as support for his alleged restriction (records from Ghent Chiropractic) actually confirms that, with treatment, Plaintiff's overall condition was improving. Tr. 1110; 1112; 1114; 1116; 1117-18; 1121; 1123; 1125; 1128; 1130; 1132; 1133; 1135; 1137; 1138; 1141; 1145; 1146; 1156; 1157; 1159; 1161; 1162; 1164; 1165; 1167; 1169; 1171; 1172-73; 1174; 1176; 1177; 1179; 1181; 1183; 1185; 1187; 1189; 1197; 1199; 1201; 1202; 1204; 1206; 1208; 1210; 1211; 1213; 1215; 1217; 1219; 1221; 1222; 1224; 1226; 1227; 1229; 1231; 1284; 1286; 1287; 1289; 1291; 1293; 1295; 1297; 1298; 1300; 1302; 1303; 1305-06; 1397. The records repeatedly note that following treatment Plaintiff had "increased ROM (range of motion); decreased pain; improved subjective complaints; decreased subluxation; improved mobility." Id. Additionally,

those same reports often noted that Plaintiff's cervical pain was intermittent. Id. This objective medical evidence constitutes substantial evidence demonstrating Plaintiff does not require any limitations greater than those included in the RFC as his condition was not as severe as reported and apparently improved with treatment.

Second, despite his argument to the contrary, Plaintiff engaged in normal, basic activities of daily living. He performs his own hygiene and grooming; prepares his own meals; shops for household and personal items both online and in the store; does household chores; drives and rides in cars; attends appointments; picks up his medications; handles his own finances; helps care for his 10-year old daughter (feeding her, supervising her, picking her up and dropping her off at school); watches television; reads books and periodicals; goes outside weekly; and attends and interacts with family and members of the community. Tr. 93; 102; 104; 107; 1099; 1103. These activities undermine his claim that he could never look down without pain. See Meehan v. Comm'r of Soc. Sec., 776 F. App'x 599, 603 (11th Cir. 2019) (upholding ALJ's finding that subjective complaints were inconsistent with a record of simple daily activities).

All of these factors support a finding that Plaintiff's symptoms are not disabling, and that his conditions were not so intense and chronic that work at all levels of activity would be precluded. As concluded by ALJ Heller, Plaintiff's alleged physical symptoms and conditions are not of a disabling degree. Substantial evidence supports that decision.

## VIII. Conclusion

Considering the record as a whole, the findings of the ALJ are based upon substantial evidence in the record and the ALJ correctly applied the law. Accordingly,

1.      The decision of the Commissioner to deny Plaintiff's application for Social Security disability benefits is **AFFIRMED**.

2.      The Clerk shall update the style and record in this case to reflect the substitution of the new Acting Commissioner.

3.      The Clerk is **DIRECTED** to enter judgment for the Defendant.

   **DONE AND ORDERED** on February 20, 2025.


                    **s/ Martin A. Fitzpatrick**
                    **MARTIN A. FITZPATRICK**
                    **UNITED STATES MAGISTRATE JUDGE**



Case No. 4:24CV137-MAF